**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30240 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00040-BMM-1 |
| v. | |
| RONALD RAY HORNER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted December 6, 2018[**]
Seattle, Washington

Before: GRABER, McKEOWN, and CHRISTEN, Circuit Judges.

Ronald Horner appeals the district court's refusal to declare a mistrial after a Canadian law enforcement officer testified that Horner responded, "No way, nice try," when asked if he wanted to provide a statement while detained in Canada. At the conclusion of trial, the jury found Horner guilty of transporting child

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

pornography in violation of 18 U.S.C. § 2252(a)(1), (b).  Because the parties are

familiar with the facts, we do not repeat them here.  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

We review for abuse of discretion the denial of a motion for mistrial.  *United

States v. Lemus*, 847 F.3d 1016, 1024 (9th Cir. 2016).[1]  Even if we assume the

officer's testimony violated Horner's Fifth Amendment rights, the district court's

curative jury instruction was insufficient, and Horner did not waive his objection to

the testimony, the Government has "demonstrate[d], beyond a reasonable doubt,

that the error was harmless."  *United States v. Caruto*, 532 F.3d 822, 827 (9th Cir.

2008) (citing *United States v. Baker*, 999 F.2d 412, 416 (9th Cir. 1993)).  The brief

"extent of comments made by the [officer]" and the fact that "an inference of guilt

from silence was [not] stressed to the jury" support this conclusion.  *Id.* at 831

(quoting *United States v. Velarde–Gomez*, 269 F.3d 1023, 1034 (9th Cir. 2001) (en

banc)).  Importantly, even setting aside the disputed testimony, the totality of

evidence presented at trial was "virtually conclusive of guilt."  *Whitehead*,

200 F.3d at 639.  Canadian officials testified that an initial review of Horner's

laptop uncovered several illicit images, and a forensic examination revealed

hundreds of image and video files of child pornography and Internet activity

---

[1] Because we would affirm under either standard of review, we need not decide
whether plain error review is more appropriate here.  *See United States v.
Whitehead*, 200 F.3d 634, 638 (9th Cir. 2000).

suggesting that Horner accessed these and other illicit materials online. The jury was presented with an illustrative sample of these files. Finally, the short duration of jury deliberations here (i.e., less than an hour) further "suggest[s] that any error in allowing [the disputed] testimony . . . was harmless." *United States v. Lopez*, 500 F.3d 840, 846 (9th Cir. 2007) (two and a half hours of deliberation indicate that it was not a "difficult case" for the jury to decide) (citation omitted).

**AFFIRMED.**